1 Steven Wayne Bonilla

2 California Medical Facility

3 J-48500, T-203, P.O. Box 2000

4 Vacaville, CA 95696

5

6 United States District Court

7 Northern District of California

8

9 Steven Wayne Bonilla,        Case No.

10 Plaintiff/Petitioner,

11                             VIOLATION OF THE 14TH

12 Contra Costa County          AMENDMENT'S EQUAL

13 Superior Court,              PROTECTION CLAUSE.

14 Defendant.                   FOR THE ENFORCEMENT OF

15                             CONTRACTS

16

17                             - Expedited Review Requested -

18

19                     Introduction

20 Under the U.S. Constitution's Fourteenth Amendment,

21 the equal protection of the laws of a state is extended to

22 persons within its jurisdiction, within the meaning

23 of the constitutional requirement, when its courts

24 are open to them on the same conditions as to others,

25 with like rules of evidence and modes of procedure,

26 for the security of their persons and property, the

27 prevention and redress of wrongs, AND THE

28 ENFORCEMENT OF CONTRACTS.

I. JUDGMENT IS VOID

To explain how the contract came about, we must start with how Alameda County District Attorney's Office committed fraud upon the court, by falsely claiming that the fruit of a federal grand jury subpoena for the Petitioner's records, gave them probable cause to arrest the Petitioner in Case No. H-12210-A. However, pursuant to the FBI's response, under oath, to the Court's order in Federal Court, Case No. C-02-0636 MHP, the federal grand jury subpoena for the Petitioner's records, NEVER EXISTED. Thus, the evidence of a subpoena that NEVER EXISTED is FABRICATED EVIDENCE. Therefore, fraud vitiates everything, including the judgment for lack of subject matter jurisdiction, pursuant to the Court's holding in Case No. [30 Cal 439].

The court held in Case No. [99 Cal. app. 2d 523], that if the party admits to the facts showing a lack of jurisdiction, it is then established that the judgment is void as effectively as though shown by the record; and whenever such fact is brought to the attention of the court, it is the DUTY of the court to declare the judgment void as a matter of law. Which makes it the judges DUTY!

The Petitioner has raised the courts lack of subject matter jurisdiction numerous times over the years, with the trial court to no avail. The judge just ignors the courts lack of jurisdiction to aid the prosecution.

As a matter of law, [38 F. Supp. 462; 148 Cal. app. 2d 845], a void judgment may be COLLATERALLY ATTACKED

- 2 -

ANYWHER, AT ANY TIME, AND IN ANY PLACE.

According to law, [523 US 83], the reviewing court must not only have its own jurisdiction to render judgment but also that of the trial court. With the trial court not having acquired jurisdiction; because all of the evidence was fabricated, being the fruit of a subpoena that they knew NEVER EXISTED, the reviewing court was mandated by law [Federal Rules of Civil Procedure 12 (h)(3), 60 (b)(3) and (4), (d) (3); 99 Cal. App. 2d 523 and California Code of Civil Procedure §1916 - Impeach of a fraudulent record], to declare the judgment null and void in Case No. H-12210-A.

A court can not exercise jurisdiction in any instance until it has acquired it, [217 Cal. App. 3d 247], the DUTY devolves upon the court/judge "at any time" the jurisdictional question is presented to proceed no further until that questioned is determined. [67 FRD 22, 25].

A court lacking jurisdiction, including a reviewing court, can not render judgment but MUST DISMISS the cause at any stage of the proceeding which it becomes apparent that jurisdiction is lacking, [495 F.2d 906], or at any time the jurisdictional question question has been raised, as was the case here, [116 F.2d 449, 453]

Court held in [474 F.2d 215, 219], where there is no jurisdiction over subject matter, (as here) there is as well, NO DISCRETION to ignore that lack of jurisdiction, pursuant to Federal Rules of Civil Procedure 12 (h)(3).

Court held in [505 F.2d 1026], that once jurisdiction is challenged, the court/judge can not proceed when (as here),

1 | it clearly appears that the court lacks jurisdiction,
2 | the court has no authority to reach merit, In
3 | such situation the action shall be DISMISSED,
4 |

5 | II. CONTRACT LAW
6 | Pursuant to contract law, the court held in [294 F.3d 1109],
7 | that where circumstances or previous course of dealing
8 | between the parties places the offeree under a DUTY to
9 | act or be bound, his silence or inactivity will constitute
10 | his assent. As explained above, there was a previouse
11 | course of dealing; because a void judgment may be collaterally
12 | attacked ANYWHERE, AT ANY TIME, and the circumstances required
13 | the court / judge to pronounce the judgment, in Case no.
14 | H-12210-A, null and void for lack of subject matter jurisdiction;
15 | because the subpoena NEVER EXISTED. Which makes all of the
16 | evidence FABRICATED EVIDENCE.
17 | Under Contract Law;
18 | A). Truth is expressed in a affidavit.
19 | B). An unrebutted affidant stands as truth in commerce.
20 | C). An unrebutted affidavit becomes the judgment in commerce.
21 | D). As the court held in, [294 F.3d 1109] an unrebutted
22 | affidavit stands as truth and becomes the judgment
23 | in Commerce / Contract Law.
24 | Pursuant to [14 C.A. 3d 78; 77 AL.R. 1141; Cal. Jur 2d Contracts, §23.
25 | Am. Jur 2d Contracts, §47], it becomes a bilateral contract when
26 | the offeree is under a DUTY to act or be bound, his silence or
27 | inactivity constituted his assent to the terms of the
28 | contract and the agreed upon damages to be paid.

III. CONSPIRACY

Obviously, there is a conspiracy with or among public officials not to perform their official DUTY to enforce the criminal law, when the District attorney's Office knowingly committed fraud upon the court in an obstruction of justice; as the Court held in [23 Cal. 3d 360], a violation of Penal Code § 182(a)(5). [11 USCS § 101 (15)], the term entity includes a person/judge. [Cal. Gov. Code § 815.6] - Where a public entity is under a mandatory DUTY imposed by an enactment that is designed to protect the risk of a particular kind of injury (like false imprisonment) the public entity/judge is liable for an injury caused by his failure to discharge the duty. Relief from a void judgment is not discretionary pursuant to Federal Rules of Civil Procedure. 60 (b) (4) [16 F. 3d 257].

IV. NO EXCUSE IS PERMISSIBLE

Court held in [80 US 335], that where there is clearly no jurisdiction over the subject matter (as here), any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge NO EXCUSE IS PERMISSIBLE. Obviously with the FBI's "ADMISSION" it was known to the judge. Many of the reviewing courts have claimed that the Petitioner is a vexatious litigant, but no court or judge has ever addressed the fraud committed on the court by the Alameda County District attorney's Office or that there never was a federal grand jury subpoena served by the FBI that gave them probably cause to arrest the Petitioner.

- 5 -

1  Even if the Petitioner was a vexatious litigant, which
2  he is not, but pursuant to Case Law, [63 Cal. 4th 91], the
3  requirement for obtaining leave to file does not apply to
4  a vexatious litigant defendant's appeal from an adverse
5  judgment, and pursuant to Case Law, [499 US 467, 497] a
6  petitioner may excuse procedural bar and abuse of writ
7  by showing actual innocence. Which the FBI's admission
8  has proven actual innocence. To disprove actual
9  innocence, a party must prove that the FBI lied to the court.
10

11          V. EVEN PRIOR TO REVERSAL
12  A judgment obtained by FRAUD is a void judgment, [98 US 61].
13  The court held in Federal Court, Case No. [49 U.S 495] that
14  when a court or judge acts without authority / without
15  subject matter jurisdiction, its judgments and orders are
16  nullities, they amount to nothing; they are not voidable,
17  but simply void, AND FORM NO BAR TO A RECOVERY SOUGHT,
18  EVEN PRIOR TO A REVERSAL, in opposition to them, they
19  constitute no justification, and all persons concerned
20  in executing such judgments or sentences are considered
21  in law as trespassers / co-conspirators / joint tortfeasor.
22  Therefore, even prior to a reversal, [42 USCS § 1983] provides
23  that the court, judges and clerks acting under color of
24  Law, having deprived the Petitioner of his guaranteed
25  Constitutional Civil Rights to Due Process are liable to the
26  Petitioner for the harm caused, and continue to be caused,
27  by his false imprisonment.
28

-6-

## VI. JOINT TORTFEASOR

Court held in [759 F. 2d 1149] - that where more than one person's action contributes to an unlawful result of false imprisonment, and or sentenced to death, as is the case here, each individual's act is sufficient to render him or her culpable as principal's for the harm caused. [53 C. 2d 643] - In tort the major significance of conspiracy, lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing, from the wrong, irrespective of whether he was a direct actor and regardless of degree of his activity.

## VII. Fourteenth Amendment

Pursuant to the Court's holding in [719 F.3d 780] the Equal Protection Clause of the 14th amendment protects individuals from government discrimination, which has been occurring. By the defendant having defauted by failing to rebut the the NOTICE, within the grace period, the affidavit notice stands as truth and became the judgment. Therefore for this court not to become a joint tortfeasor, it must compel the defendant court to render a judgment in favor of the Petitioner for the amount the party acquiesced to forthwith, is the Result I hought.

## Verification

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 USC § 1746 on 10-9 ,2024

Respectfully Submitted

See attached Documents

Steven W. Bonilla

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| STEVEN WAYNE BONILLA, California Medical Facility, J-48500, T-203, P.O. Box 2000, Vacaville, CA 95696<br><br>TELEPHONE NO.:          FAX NO.:<br>EMAIL ADDRESS:<br>ATTORNEY FOR *(Name):* In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

CASE NAME: BONILLA

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited   ☐ Limited<br>(Amount demanded exceeds $35,000)   (Amount demanded is $35,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☒ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 10-9-24

STEVEN WAYNE BONILLA
(TYPE OR PRINT NAME)         Steven W. Bonilla
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

STEVEN WAYNE BONILLA, CMF, J-48500, J-203
P.O. Box 2000 Vacaville CA 95696

TELEPHONE NO:                     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

PLAINTIFF: STEVEN WAYNE BONILLA

DEFENDANT: Clara Maier, Diana Becton, Barry Baskin, Charles B. Burch, Anita L. Santos, Patricia Scanlon, David Goldstein, Laurel S. Brady

☐ DOES 1 TO _____

CONTRACT

☒ COMPLAINT        ☐ AMENDED COMPLAINT *(Number):*

☐ CROSS-COMPLAINT   ☐ AMENDED CROSS-COMPLAINT *(Number):*

Jurisdiction *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
   Amount demanded ☐ does not exceed $10,000
                    ☐ exceeds $10,000 but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER:

1. Plaintiff* *(name or names):* STEVEN WAYNE BONILLA,

alleges causes of action against defendant* *(name or names):* Clara Maier, Diana Becton, Barry Baskin, Charles B. Burch, Anita L. Santos, Patricia Scanlon, David Goldstein, Laurel S. Brady

2. This pleading, including attachments and exhibits, consists of the following number of pages: 24
3. a. Each plaintiff named above is a competent adult
   ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ other *(specify):*

   b. ☐ Plaintiff *(name):*
      a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. ☐ has complied with all licensing requirements as a licensed *(specify):*
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
   ☐ except defendant *(name):*                      ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown       (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                               (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*               (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*                          (5) ☐ other *(specify):*

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

COMPLAINT—Contract

Page 1 of 2
Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| STEVEN WAYNE BONILLA | |

4.  *(Continued)*

    b. The true names of defendants sued as Does are unknown to plaintiff.

       (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

       (2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

    c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5.  ☒ Plaintiff is required to comply with a claims statute, and

    a. ☐ has complied with applicable claims statutes, *or*

    b. ☐ is excused from complying because *(specify):*

6.  ☐ This action is subject to   ☐ Civil Code section 1812.10   ☐ Civil Code section 2984.4.

7.  This court is the proper court because

    a. ☐ a defendant entered into the contract here.

    b. ☐ a defendant lived here when the contract was entered into.

    c. ☐ a defendant lives here now.

    d. ☐ the contract was to be performed here.

    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.

    f. ☐ real property that is the subject of this action is located here.

    g. ☐ other *(specify):*

8.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☐ Breach of Contract

    ☐ Common Counts

    ☒ Other *(specify):* PURSANT TO [994 F.3d 1104] AND [14CA, 3078]

9.  ☐ Other allegations:

10.  **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. ☒ damages of: $ 126, 804, 287, 939, uvrequiesed to

    b. ☐ interest on the damages

       (1) ☐ according to proof

       (2) ☐ at the rate of *(specify):*    percent per year from *(date):*

    c. ☐ attorney's fees

       (1) ☐ of: $

       (2) ☐ according to proof.

    d. ☐ other *(specify):*

11.  ☒ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):* #2

Date: 10-9-24

STEVEN WAYNE BONILLA

_____
(TYPE OR PRINT NAME)

▶ *Steven Wayne Bonilla*

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

**CIRCUIT CITY STORES, INC.,**
a Virginia corporation,
Petitioner–Appellee,

v.

**Monir NAJD, Respondent–Appellant.**

No. 99–56571.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 2001.

Submission Deferred Oct. 10, 2001.

Resubmitted April 18, 2002.

Filed June 24, 2002.

Employer filed a petition under the Federal Arbitration Act (FAA), seeking to stay former employee's state court action and to compel arbitration. The United States District Court for the Central District of California, Alicemarie H. Stotler, J., granted the petition and awarded Rule 11 sanctions against employee, and employee appealed. The Court of Appeals, O'Scannlain, Circuit Judge, held that: (1) the district court properly exercised diversity jurisdiction; (2) dispute resolution agreement (DRA) between employer and employees, who were not transportation workers, fell within the scope of the FAA; (3) where former employee did not sue under Title VII, Title VII did not preclude arbitration of his claim under California's Fair Employment and Housing Act (FEHA); (4) the DRA was not procedurally unconscionable; (5) employer's promise to be bound by the arbitration process served as adequate consideration for the DRA; (6) it could be inferred that employee assented the DRA by failing to exercise his right to opt out; but (7) the district court abused its discretion in imposing Rule 11 sanctions.

Affirmed in part and reversed in part.

Paez, Circuit Judge, filed a concurring opinion.

**1. Federal Courts ⟐198**

The Federal Arbitration Act (FAA) does not confer federal question jurisdiction; rather, there must be an independent basis for jurisdiction, such as diversity of citizenship. 9 U.S.C.A. § 1 et seq.; 28 U.S.C.A. §§ 1331, 1332.

**2. Arbitration ⟐23.8, 23.9**

The district court properly exercised diversity jurisdiction over employer's petition under the Federal Arbitration Act (FAA), seeking to stay a former employee's state court action and to compel arbitration, where employer and employee, the only parties in the action, were diverse, though employee's supervisor, who was a defendant in the state court action, was not diverse. 9 U.S.C.A. § 1 et seq.; 28 U.S.C.A. § 1332.

**3. Federal Courts ⟐281**

Citizenship of someone not before the court is irrelevant to the diversity jurisdiction inquiry. 28 U.S.C.A. § 1332.

**4. Arbitration ⟐3.1**

Dispute resolution agreement (DRA) between employer and employees, who were not transportation workers, fell within the scope of the Federal Arbitration Act (FAA). 9 U.S.C.A. § 1.

**5. Arbitration ⟐3.3**

Where former employee did not sue employer under Title VII, and thus had not invoked Title VII's enforcement scheme, Title VII did not preclude arbitration of his claim under California's Fair Employment and Housing Act (FEHA). Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.; West's Ann.Cal. Gov.Code § 12940(a).

**6. Arbitration ⟐6.2**

Dispute resolution agreement (DRA) presented by employer to employees, requiring binding arbitration of employees'

employment-related legal claims, was not procedurally unconscionable, where current employees had the right to opt out.

**7. Contracts ⟐1**

Under California law, an agreement is unconscionable only if it is procedurally and substantively unconscionable.

**8. Arbitration ⟐6.2**

Generally applicable contract defenses, such as lack of consideration and mutual assent, may invalidate an arbitration agreement. 9 U.S.C.A. § 2.

**9. Arbitration ⟐6.2**

Under California law, employer's promise to be bound by the arbitration process served as adequate consideration for a dispute resolution agreement (DRA) requiring binding arbitration of employees employment-related legal claims, though employer was not required to submit any of its claims against employees to arbitration.

**10. Arbitration ⟐6.2**

It could be inferred that employee assented, under California laws, to dispute resolution agreement (DRA), requiring binding arbitration of employees' employment-related legal claims, by failing to exercise his right to opt out of the program, though he did not affirmatively opt in to the program, where the acknowledgment form that employee signed clearly set out in writing the significance of his failure to opt out and described in detail the mechanism by which he could express his disagreement, he had 30 days to review the agreement and mull over whether to opt out of it, and employer made clear that opting out of the agreement would have no effect on the employment relationship.

**11. Contracts ⟐22(1)**

As a general rule, silence or inaction does not constitute acceptance of an offer, under California law, but where circumstances or the previous course of dealing between the parties places the offeree under a duty to act or be bound, his silence or inactivity will constitute his assent.

**12. Federal Civil Procedure ⟐2775**

The district court abused its discretion in imposing Rule 11 sanctions on former employee for opposing employer's petition to compel arbitration, where employee offered several plausible defenses to employer's petition, and would have prevailed if not for a Supreme Court decision while the appeal was pending.

Steven L. Stern, Newport Beach, CA, argued the cause and filed a brief for the respondent-appellant.

Rex Darrell Berry, Davis Grimm Payne Marra & Berry, Seattle, WA, argued the cause and filed briefs for the petitioner-appellee.

Appeal from the United States District Court for the Central District of California; Alicemarie H. Stotler, District Judge, Presiding.

Before O'SCANNLAIN and PAEZ, Circuit Judges, and KING, District Judge.*

**OPINION**

O'SCANNLAIN, Circuit Judge.

We must decide whether a claim under California's Fair Employment and Housing Act may be subject to compulsory arbitration when the employee does not allege

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Ha-

waii, sitting by designation.

[Civ. No. 36433. Second Dist., Div. Four. Dec. 31, 1970.]

SANDRA J. SORG, Plaintiff and Respondent, v.
FRED WEISZ & ASSOCIATES, Defendant and Appellant.

## SUMMARY

A landowner's assignee brought action against defendant who, without authority, had dumped a large quantity of waste material on the owner's land. The action sought compensation pursuant to the terms of a letter from the landowner's attorneys to defendant which offered a license to continue to store the rubbish in return for payment at a certain daily rate. The letter stated that continued use of the land would constitute acceptance. At a nonjury trial, the court found that the letter was an offer and that defendant's failure to remove the waste for more than a reasonable time after receipt of the letter constituted acceptance, and rendered judgment to plaintiff in accord with its terms. (Superior Court of Los Angeles County, Eugene E. Sax, Judge.)

The Court of Appeal reversed the judgment. The court held that, absent any prior dealings between the parties, by which silence would be understood as acceptance, there was no basis for any finding that defendant had accepted the obligation to pay the daily rate sought by the letter. (Opinion by Files, P. J., with Jefferson, J., and Irwin, J.,* concurring.)

## HEADNOTES

Classified to McKinney's Digest

(1)  **Contracts § 24—Conduct Signifying Acceptance—Silence.**—Silence in the face of an offer is not acceptance unless there is a relationship between the parties or a previous course of dealing pursuant to which silence would be understood as acceptance.

[Silence when offer is made or failure to reject it as an acceptance

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[Dec. 1970]

which will consummate a bilateral contract, Note 77 A.L.R. 1141. See also Cal.Jur.2d, Contracts, § 23; Am.Jur.2d, Contracts, § 47.]

(2)  **Contracts § 24—Conduct Signifying Acceptance—Silence.**—Silence or inaction by an offeree did not constitute acceptance of a landowner's written offer to grant, for a certain daily compensation, a license to store waste and rubbish which the offeree without authority had previously abandoned on the land, even though the offer stated that continued use of the land for "storing" the waste would constitute acceptance and even though the offeree failed to remove the rubbish within what was found to be a reasonable time, where there were no prior dealings, communication, or any other relationship between the landowner and the offeree from which the former could reasonably have concluded that the offeree intended to accept the obligation contained in the offer.

## COUNSEL

Martin & Flandrick and Robert A. Neher for Defendant and Appellant.

Roemer & Hamwi, Richard I. Roemer and F. Warde Brand, Jr., for Plaintiff and Respondent.

## OPINION

FILES, P. J.—Defendant appeals from a judgment awarding plaintiff an amount which the court concluded was due under a contract. The facts were stipulated and are set forth below.

G. M. Russell and Catherine S. Russell are the owners of a 40-acre parcel of land in Los Angeles, California, one acre of which is leased to Paul R. McClintock. On December 26 and 27, 1967, pursuant to a purported authorization obtained from McClintock, defendant dumped approximately 15 truckloads of asphalt, concrete, and other waste material on the Russell property. The authorization in fact related only to the McClintock leasehold, 200 feet distant from the closest portion of the deposited material.

Between December 26, 1967, and February 9, 1968, the Russells informed defendant that this dumping was improper and requested removal

[Dec. 1970]

of Santa Monica v. Jones, 104 Cal.App.2d 463, 232 P.2d 55). Although it is true that when a reversionary interest is condemned the reversioner must be compensated, it appears from the record that appellant's only claim was for the value of the entire fee; he sought no reversionary right or compensation therefor. Further, any reversionary interest terminated upon the State's taking and was then so remote, speculative and contingent as to justify no consideration by the court, and even had it a value capable of estimate, appellant offered no proof thereof.

[21–24]  It is well settled that the valuation in an eminent domain proceeding is based solely upon market value (People v. Vinson, 99 Cal.App.2d 100, 221 P.2d 161; People v. Ricciardi, 23 Cal.2d 390, 144 P.2d 799); therefore, unless the claimed reversionary right has some pecuniary value, no compensation is allowed for its taking. If "at the time fixed for the valuation the reversion has not occurred, the reversionary interest is said not to have any compensable value in a condemnation proceeding." Romero v. Department of Public Works, 17 Cal.2d 189, 195, 109 P.2d 662, 665. So, too, "(I)t is well settled that upon condemnation of property held by a grantee under a deed containing a condition subsequent providing for a reverter to the grantor or his heirs upon termination of the use provided in the condition, the rights of reverter of the grantor and his heirs are terminated and the award for the property belongs to the grantee (Citations)" (City of Santa Monica v. Jones, 104 Cal.App.2d 463, at page 475, 232 P.2d 55, at page 63, quoting from Carter v. New York Central Railroad Company, Sup., 73 N.Y.S.2d 610). And in discussing a situation similar to the one at bar, the court stated in 104 Cal.App.2d at page 472, 232 P.2d at page 61: "To us it seems altogether probable that appellants filed their answer upon the assumption that

as the property taken by the City could not in the future be used for railway purposes by the company, for that reason alone it would revert and hence that appellants were entitled to the award. Any such view, however, is directly contrary to well-established principles of law."

Any reversionary right appellant may have had under the 1898 deed was extinguished at the time the State condemned the interest of the City, for the seizure was of the entire title by the single act of appropriation. At that moment there had been no disuse and the estate being enjoyed by the city might otherwise have continued forever. The right of appellant was remote, speculative and a mere possibility of no value capable of estimate. City of San Gabriel v. Pac. Electric Ry. Co., 129 Cal.App. 460, 18 P.2d 996. Of interest is First Reformed Dutch Church v. Croswell, 210 App.Div. 294, 206 N.Y.S. 132, cited in City of Santa Monica v. Jones, 104 Cal.App. 2d 463, 232 P.2d 55, in which the court held, even under a deed containing a limitation, that the seizure was of the entire title and at the moment of appropriation there had been no disuser, as the rights of the heirs in reversion were a mere possibility, possessed of no value capable of estimate.

The record is silent relative to the value of appellant's reversionary right—indeed, under the cases just cited it would appear that valuation would be very nearly impossible to estimate. Appellant not only made no claim to a reversionary right, separate and apart from that of the land in fee and sought no award for its taking, but he offered no proof thereon. The court did not err in finding that all that was of value was the estate of the city for which it was entitled to compensation, and that appellant was entitled to no part thereof.

The judgment is affirmed.

WOOD, P. J., and FOURT, J., concur.

---

BEATTY SAFWAY SCAFFOLD, INC., a corporation, Plaintiff, Cross-Defendant and Appellant,

v.

B. H. SKRABLE, Defendant, Cross-Complainant and Respondent,

and

H. M. Skrable and B. H. Skrable, individually and as co-partners doing business under the firm name and style of H. M. Skrable & Son; H. M. Skrable & Son, a co-partnership, et al., Defendants.

Civ. 6026.

District Court of Appeal, Fourth District, California.

May 4, 1960.

Action by scaffolding manufacturer for accounting, specific performance, damages and injunctive relief against certain defendants, as distributor of manufacturer's equipment. One of the defendants filed a cross-complaint for an amount allegedly due in connection with sales of certain equipment. The Superior Court, Kern County, R. B. Lambert, J., entered judgment adverse to manufacturer, and it appealed. The District Court of Appeal, Griffin, P. J., held that even if provision in distributorship contract to the effect that if the agreement was "terminated," manufacturer had the option to repurchase inventory of distributor at cost, less 10% annual depreciation, could be construed to cover expiration of the agreement without renewal thereof, specific performance of such agreement could not be ordered where price agreed to be paid by manufacturer on return of the equipment, at the time demand therefor was made, was unjust and unreasonable.

Judgment affirmed.

1. Contracts ⟨⟩215(1)
Generally, when a contract specifies the period of its duration, it terminates on the expiration of such period.

2. Contracts ⟨⟩22(1)
Where circumstances or the previous course of dealing between the parties places an offeree under a duty to act or be bound, his silence or inactivity will constitute his assent, and the conduct of an offeree may constitute acceptance.

3. Contracts ⟨⟩ Estoppel ⟨⟩119
When there is any substantial evidence in conflict on the subject, it is a factual question whether an offer has been accepted by the offeree's silence or acquiescence, and such rule applies equally to estoppel.

4. Contracts ⟨⟩248
In action by a manufacturer against a distributor for accounting, specific performance, damages and injunctive relief, evidence presented a question for the trier of fact as to whether, by action or conduct of the parties, there was or was not a renewal of the contract after expiration of its original term.

5. Specific Performance ⟨⟩51
Even if provision in a distributorship contract to the effect that if the agreement was "terminated," manufacturer had the option to repurchase inventory of distributor at cost, less 10% annual depreciation, could be construed to cover expiration of the agreement without renewal thereof, specific performance of such agreement could not be ordered where price agreed to be paid by manufacturer on return of the equipment, at the time demand therefor was made, was unjust and unreasonable.

6. Contracts ⟨⟩117(2)
A manufacturer which entered into a distributorship agreement with defendant, in regard to scaffolding and other equipment, could not enforce portion of the agreement wherein defendant agreed not to sell or lease in specified territory any equipment during a three-year period after termination of the agreement, in view of

## Introduction

Under Contract Law, where circumstances or previous course of dealing between the parties places the offeree under a duty to act or be bound, his silence or inactivity will constitute his assent, [294 F.3d 1104], Therefore, forming a binding contract. [note 77 A.L.R. 1141; Cal. Jur. 2d Contracts, §23; Am. Jur. 2d, Contracts, §47].

The defendants failed to respond to the Plaintiff's Notice and Demand constituted their consent to be bound by the claims contained in the Notice and Demand; and their silence or inactivity constituted acceptance for the damages that they were liable for (Exhibit A). They put up no defense nor redress of the charges of Malicious Prosecution and Fraud Upon the Court. Therefore, they stand convicted by Default. Which requires this Court to enter a default judgment against the defendants in favor of the Plaintiff. Failure to perform this duty owed to the victim of the malicious Prosecution, in violation of the their oath, would be participating in a conspiracy with or among government officials not to perform the duty to administer and enforce the law.

## I. Statement of Claim

A). Alomeda County committed Fraud Upon the Court, when they claimed that the probable cause and their evidence was the fruit of a federal grand jury subpoena, that the KNEW NEVER EXISTED.

B). A judgment obtained with the knowing use of false, fabricated evidence makes the judgment VOID. Under federal and state law, [28 F. Supp. 462; 148 Cal. App. 2d 845]; a void judgment is subject to collateral attack ANYWHERE, at any time and in any place. For the court/judge to declare the judgment null and void.

C). Where the Judge, as here, has not performed his Judicial Function, the impartial functions of the Court have been directly corrupted. [763 F. 2d 1115]. Not performing his Judicial Function is considered Fraud, which is directed to the Judicial Machinery itself; so that it can not perform in the usual manner of its impartial task of adjudicating cases that are presented for adjudication [Kenner v. C.I.R., 387 F. 3d 689 (1963); 7 Moore's Federal Practice, 2d. Ed., p. 512, 60.23]. There is no excuse permissible for this breach of obligation, [80 US 335], nor failure to perform a mandatory Duty [Cal. Gov. Code § 815.6; 42 USC § 1983]

D). In order to claim immunity from this civil action, the judge must be acting within the jurisdiction as to subject matter. But there is no federal grand jury subpoena. Thus, there is no subject matter jurisdiction.

## Relief Sought

The Plaintiff is invoking the doctrine of Acquiescence and admission, to recover, in commerce, the damages ensued by the Conspiracy's Malicious Prosecution and false imprisonment, pursuant to the laws of Contract as required by the Equal Protection Clause of the 14 th

amendment of the United States Constitution for the enforcement of contracts.

Therefore the Plaintiff is requesting the court to enter a default judgment against the defendants, granting the amount of damages owed to the Plaintiff, that were acquiesced to as shown in (Exhibit A-2), $126,804,287,939.00

Verification

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 USC § 1746.

Dated: July 25, 2024

Respectfully Submitted
Steven W. Privella

1  Steven Wayne Bonilla
2  California Medical Facility
3  J-48500, T-203, P.O. Box 2000
4  Vacaville, CA 95696
5
6
7                    Superior Court of California
8                    County of Contra Costa
9
10  Steven Wayne Bonilla,        Case No.
11     Plaintiff/affiant,
12              v.                Commercial affidavit - Timely
13  Clara Maier,                 Notice and Demand Being Given
14  Diana Becton,                to the Defendant - Fair Notice
15  Barry Baskin                 and Warning of Commercial Grace,
16  Charles B Burch,
17  Anita L. Santos,             Notice of Non-Judicial Proceeding
18  Patricia Scalon,
19  David Goldstein,             Void Judgment - Court Lacks
20  Laurel S. Brady,             Subject Matter Jurisdiction
21     Defendants
22
23                               Cal. Gov. Code § 815.6 - Failure
24                               to Discharge Official Duty
25
26                               42 USC § 1983 - Violation of Due
27                               Process Rights Under Color of Law
28
                                 - Expedited Review Required -

-/-

TIMELY NOTICE AND DEMAND
HAS BEEN GIVEN TO THE DEFENDANTS
(18 U.S.C.S. 4, 2382)

The Malicious Prosection began in malice without probable cause. Everyone who took part in the initiation, CONTINUATION, or procurement of civil proceedings against me is subject to liability to me for the wrongful civil proceedings. (Black's Law Dictionary, 6th edition, page 661).

1). The Alameda County District attorney's Office, (D.A), obtained my arrest warrant based on false information. They falsely and fraudulently claimed that the probable cause for my arrest warrant was the fruit of a federal grand jury subpoena for my records. That they fraudulently claimed had been served by the FBI. But there was no federal grand jury subpoena for my records, as "ADMITTED" by the FBI, under oath. (See Exhibit A-1).

2). An arrest warrant obtained by false information is INVALID. [704 F.3d 506]. My arrest warrant was INVALID.

3). Probable Cause evidence being the proffered evidence of a subpoena that NEVER EXISTED IS FABRICATED EVIDENCE. Therefore, my arrest was unsupported by probable cause in violation of the Fourth amendment of the United States Constitution. [762 F.3d 770]. (See Exhibit A-1)

4), My DUE PROCESS RIGHTS were violated when my conviction was obtained in Case No. H-12210-A, through the Alameda County District attorney's Office KNOWINGLY used fabricated false evidence, being the fruit of a

-9-

federal grand jury subpoena for my records, that they KNEW NEVER EXISTED, to silence the newsmedia critics. (See Exhibit A-1, Reverend Kuehn's Declaration.)

5). The proffered evidence of a subpoena not entered on the court docket, as an exhibit, pursuant to Rule 403 of the Evidence Code, is inadmissible. The federal grand jury subpoena for my records was never entered on the court docket as an exhibit, as "ADMITTED" by the attorney General's Office. (See Exhibit A-1). Therefore, none of the evidence used at trial was admissible. Thus, the court lacked subject matter jurisdiction/authority to rule.

6). [30 Cal. 439] - the court held, that FRAUD vitiates everything, including the orders and judgments, rendered by a court not having jurisdiction. Their judgments and orders are null and void. The FRAUD made my judgment void, [98 US 61].

7). my void judgment is subject to collateral attack ANYWHERE, at any time and in any place [28 F.Supp 463; 148 Cal.Qpp.2d 845].

8). The judgment, whether of a superior or inferior court, may be collaterally attacked for lack of jurisdiction. [107 Cal. App. 288; 17 Cal. 300]. The distinction between superior and inferior court is not of much importance when there appears that there was a want of jurisdiction, because the judgment will be void in whatever court it was rendered, [31 Cal. 342].

9). When the FBI "ADMITTED" that the federal grand jury subpoena for my records NEVER EXISTED, a fact which shows that the judgment is void, it was the DUTY of the judge/ defendants, to declare the Alameda County Superior Court

-10-

judgment void, in Case No. H-17210, as a matter of law,
pursuant to Case Law [99 Cal. App. 2d 523].
  10). The court, judge/defendants, must dismiss the
action when the court lacks subject matter jurisdiction as
mandated by Federal Rules of Civil Procedure 12(h)(3).
  11). Cal. Gov. Code § 815.6/ '42 USC § 1983 made the defendants
liable for their failure to discharge their mandatory DUTY
to vacate my judgment/sentencing me to death for a crime
that I never committed based on fabricated and false evidence.
  12). [759 F.2d 1149] - the court holds, that where more than
one person's action contributes to an unlawful result of
false imprisonment and or sentence to death, as is the case
here, each individual's act is sufficient to render him or
her culpable as a principal for the harm caused.
  13). [53 C. 2d 643] - In tort the major significance of conspiracy
lies in the fact that it renders each participant in the wrongful
act responsible as a joint tortfeasor for all damages ensuing
from the wrong, irrespective of whether he was a direct actor
and regardless of degree of his activity.
  14). In the furtherance of the conspiracy the defendants
have conspired with or among public officials not to
perform their official DUTY to pronounce the judgment
void for lack of subject matter jurisdiction. Which makes
the defendants culpable as a principal for the harm caused
by the conspiracy for all damages ensuing from their
MALICIOUS PROSECUTION.
  15). I have indisputably suffered actual injury of
being falsely imprisoned since September 20, 1988, in a civil

— 11 —

rights action, That sentenced me to death for a crime that I did not commit. Therefore, as a matter of law, compensatory damages acquiesced to by the conspiracy is mandatory. [727 F.3d 983]. (See Exhibit A-2), for the compensatory damages acquiesced to by the conspiracy for the amount of one,-hundred and twenty-six billion, eight hundred and four million, two hundred and eighty-seven thousand, nine hundred and thirty-nine dollars due as of June 30, 2034.

16). Under California law, where circumstances or the previous course of dealing between the parties places the offeree under a DUTY to act or he bound, his silence or inactivity will constitute his assent. [294 F.3d 1104].

17) All Parties/Defendants, who proceed to act or assist in said actions, against this affiant, Steven Wayne Bonilla, without thorough, verifiable, point-by-point rebuttal of each and every point set forth in this affidavit. That failure to respond as herein required to this affiant, within the herein, a prescribed time of thirty-four days from the date stamped on the envelope, will be deemed by this affiant, Steven Wayne Bonilla, to invoke the doctrine of acquiescence and admission, to recover, in commerce, the lost or damaged properties plus compensatory and punitive damages that has been acquiesced to by the conspiracy, as stated in (Exhibit A-2)

18). [14 CA 3d 78] - Silence when offer is made, as here, with this TIMELY NOTICE AND DEMAND, or failure to reject it, as an acceptance, which will consummate a

1 | bilateral contract. Therefore, Contract laws applies;
2 |     A). Truth is expressed in an affidavit,
3 |     B). An unrebutted affidavit stands as truth in commerce.
4 |     C). An unrebutted affidavit becomes a the judgment in commerce,
5 |
6 |
7 |       Summary
8 | The Defendants / Judges had a mandatory DUTY to declare
the Alameda County Superior Court judgment void in
Case No. H-12210-A and discharge the affiant, Steven
Wayne Bonilla from his false imprisonment, forthwith.
Their failure/refusal to perform their official,
mandatory DUTY required by Federal Rules of Civil
Procedure 12(h)(3)/ 99 Cal App 2d 523 made them liable
for the harm and damages caused by the Conspiracy's
Malicious Prosecution to murder me for a crime that I
did not commit. Just so they could silence the critics of
racial discrimination (See Exhibit A-1, Reverend Kuehn's Declaration)
[80 US 335]-Where, as here, there is clearly no jurisdiction over
the subject matter, any authority exercised is usurped
authority, and for the exercise of such authority when the
courts jurisdiction has been attacked, NO EXCUSE IS PERMISSIBLE.
Notice to the principal is notice to agents and notice to agents
is notice to the principals,

      Verification
I declare under penalty of perjury that the foregoing is true
and correct, pursuant to 28 USC § 1746.
Dated: June 19, 2024       Respectfully Submitted,
                            Steven W Bonilla